JS 44 (Rev. 08/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Marco Ramos, Lorenzo Roque, Justin Hamilton, Ryan Bethune

### DEFENDANTS
Navmar Applied Sciences Corporation

**(b)** County of Residence of First Listed Plaintiff: Riverside County, CA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Bucks County, PA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Peter Rosenzweig, Kleinbard LLC, 1650 Market Street, 46th Floor, Philadelphia, PA 19103; (267) 443-4120

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. Sec. 201, et seq. ("FLSA")

Brief description of cause:
Claims under the FLSA for unpaid wages and overtime compensation

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 150,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE: 04/13/2017
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 23013 BELLA LANE, WILDOMAR, CA 92595

Address of Defendant: 65 W. STREET ROAD, BLDG. C, WARMINSTER, PA 18974

Place of Accident, Incident or Transaction: PENNSYLVANIA, ARIZONA, TEXAS, GUAM
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☑

Does this case involve multidistrict litigation possibilities?    Yes☐  No☑

RELATED CASE, IF ANY:
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☑  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☑

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases    FLSA
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

---

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____    _____    _____
                    Attorney-at-Law                Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 4/13/17    [signature]    81759
                    Attorney-at-Law    Attorney I.D.#

CIV. 609 (5/2012)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

MARCO RAMOS, LORENZO ROQUE, : CIVIL ACTION
JUSTIN HAMILTON, RYAN BETHUNE :
v. :
NAVMAR APPLIED SCIENCES : NO.
CORPORATION

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. (✓)

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. ( )

| 4/13/17 | [signature] | PLAINTIFFS |
|---|---|---|
| Date | Attorney-at-law | Attorney for |
| (267) 443-4120 | (215) 568-0140 | PROSENZWEIG@KLEINBARD.COM |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARCO RAMOS**<br>23013 Delca Lane<br>Wildomar, CA 92595<br><br>and<br><br>**LORENZO ROQUE**<br>11195 E. 37th Way<br>Yuma, AZ 85367<br><br>and<br><br>**JUSTIN HAMILTON**<br>1716 Landmark Drive, Apt. B<br>Forest Hill, MD 21050<br><br>and<br><br>**RYAN BETHUNE**<br>8342 N. Atwood Drive<br>Hayden, ID 83835<br><br>Plaintiffs,<br><br>v.<br><br>**NAVMAR APPLIED SCIENCES CORPORATION**<br>65 W. Street Road, Building C<br>Warminster, PA 18974<br><br>Defendant. | Civil Action No.: |

## COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

Plaintiffs Marco Ramos, Lorenzo Roque, Justin Hamilton and Ryan Bethune (collectively, "Plaintiffs") bring this action against their former employer, Defendant Navmar

Applied Sciences Corporation ("Navmar"), for its failure to pay proper compensation to them for their performance of overtime work.

## NATURE OF THE CASE

1. Plaintiffs bring this action for declaratory, monetary, and other appropriate relief to redress Navmar's intentional violations of Plaintiffs' rights under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

2. Plaintiffs were not paid full wages for all hours worked or overtime compensation at a rate not less than one and one-half (1.5) times the regular rate at which they were employed for work performed beyond the forty (40) hours per workweek, as required by the FLSA for at least three (3) years prior to the filing of this action (referred to herein as the "Look-Back Period").

3. Navmar's policy and practice is to deny earned wages and overtime pay. Navmar's failure to pay Plaintiffs their earned wages and overtime compensation has been deliberate and violates the FLSA.

## JURISDICTION AND VENUE

4. The FLSA authorizes claims by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over this FLSA collective action is based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Navmar is subject to personal jurisdiction in this District as it maintains its principal place of business/headquarters in this District, regularly does business throughout the Commonwealth of Pennsylvania, and employed Plaintiffs through its headquarters in Pennsylvania.

6. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c), as Navmar resides in this District and because a substantial part of the events giving rise to the claims herein occurred in this District.

**PARTIES**

7. Upon information and belief, Navmar is a corporation organized under the laws of the Commonwealth of Pennsylvania. It is a defense contractor and maintains its headquarters/principal executive offices at 65 W. Street Road, Building C, Warminster, Bucks County, PA 18974. In addition to Pennsylvania, it has operations in Arizona, Texas, Florida, Virginia, New Jersey, Maryland, California and Indiana.

8. More specifically, Navmar provides engineering and technical services in support of the Department of Defense. One of those services is providing and staffing persistent Ground Surveillance Systems (PGSS), a tethered Aerostat implementation providing protection for U.S. forces working in remote areas. Navmar focuses on military avionics systems, unmanned aerial vehicles ("UAV"), unmanned aerial systems ("UAS"), surveillance and video/imagery solutions. UAV are more commonly known as "drones."

9. For the program described in the preceding paragraph, Navmar employs a category of employee called Operator. The Operators work with the Aerostat (these Operators will be referred to herein as the "Aerostat Operators").

10. The Aerostat Operators perform services on behalf of Navmar for its customers.

11. Navmar was the "employer" of Plaintiffs as that term is defined by Section 203 of the FLSA.

12. Plaintiff Ramos currently resides in Wildomar, California. Though he performed services on behalf of Navmar in Arizona and Texas, he was hired by Navmar out of its

Warminster, Pennsylvania headquarters and, at all times relevant hereto, was employed and directed (in part) out of the Warminster, Pennsylvania headquarters.

13. Plaintiff Ramos was employed by Navmar as an Aerostat Operator from in or about June 2011 through August 2014 when he resigned.

14. Plaintiff Ramos was an "employee" of Navmar as that term is defined by Section 203 of the FLSA.

15. Plaintiff Roque currently resides in Yuma, Arizona. Though he performed services on behalf of Navmar in Arizona and Texas, he was hired by Navmar out of its Warminster, Pennsylvania headquarters and, at all times relevant hereto, was employed and directed (in part) out of the Warminster, Pennsylvania headquarters.

16. Plaintiff Roque was employed by Navmar as an Aerostat Operator from in or about December 2013 through October 2014.

17. Plaintiff Hamilton currently resides in Forest Hill, Maryland. Though he performed services on behalf of Navmar in Arizona, Guam and Texas, he was hired by Navmar out of its Warminster, Pennsylvania headquarters and, at all times relevant hereto, was employed and directed (in part) out of the Warminster, Pennsylvania headquarters.

18. Plaintiff Hamilton was employed by Navmar as an Aerostat Operator from in or about October 2013 through October 2014.

19. Plaintiff Hamilton was an "employee" of Navmar as that term is defined by Section 203 of the FLSA.

20. Plaintiff Bethune currently resides in Hayden, Idaho. Though he performed services on behalf of Navmar in Arizona and Texas, he was hired by Navmar out of its

Warminster, Pennsylvania headquarters and, at all times relevant hereto, was employed and directed (in part) out of the Warminster, Pennsylvania headquarters.

21. Plaintiff Bethune was employed by Navmar from in or about June 2010 through October 2014. He performed work as an Aerostat Operator from February 2013 through October 2014.

22. Plaintiff Bethune was an "employee" of Navmar as that term is defined by Section 203 of the FLSA.

## STATEMENT OF FACTS

23. Upon information and belief, during the Look Back Period, Navmar improperly classified Plaintiffs as "exempt" from the requirements of the FLSA, thereby denying them proper wages and overtime compensation for hours worked in excess of forty per workweek, as required by the FLSA.

24. In the alternative, if during the Look Back Period, Navmar classified Plaintiffs as "non-exempt" from the requirements of the FLSA, it willfully failed to pay them proper wages and overtime compensation for hours worked in excess of forty per workweek, as required by the FLSA.

25. In typical workweeks, with the knowledge, permission, and mandate of their superiors and management at Navmar, Plaintiffs worked forty hours, worked extra hours during such forty-hour weeks, and were not properly compensated for extra hours beyond forty hours they worked during those forty-hour weeks.

26. Within the Look Back Period, Plaintiffs typically worked forty hours each workweek, worked extra hours during such forty-hour week, and were not properly compensated for extra hours beyond forty hours they worked during those forty-hour weeks.

27. The precise numbers of hours worked by Plaintiffs and compensation for same are presently within the sole control of Navmar.

28. For each workweek, Plaintiffs recorded their hours worked in Navmar's electronic timekeeping system.

29. Navmar's timekeeping system will show the many workweeks during which Plaintiffs worked forty hours, worked extra hours during such forty-hour weeks, and were not properly compensated for extra hours beyond forty hours they worked during those forty-hour weeks.

30. Navmar's payroll records will show that Plaintiffs were not properly paid for the extra hours in excess of forty per workweek for the many workweeks during which they worked more than forty hours.

31. As part of its regular business practice, Navmar intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice included, but may not be limited to:

    a.    the willful misclassification of Plaintiffs as exempt from the requirements of the FLSA;

    b.    the willful failure to include in the computation of hours worked the time spent by Plaintiffs traveling for work;

    c.    in workweeks during which more than forty hours were worked, not paying Plaintiffs at a rate not less than one and one-half (1.5) times the regular rate at which they were employed for the work performed beyond the forty hours per workweek as required by the FLSA;

d.  telling Plaintiffs that they would only be paid for forty hours per workweek even though more than forty hours per workweek were worked;

e.  the willful failure to tell Plaintiffs to record their hours worked as required by the FLSA;

f.  the willful failure to maintain a time-recording or time-keeping system as required by the FLSA;

g.  the willful failure to keep payroll records as required by the FLSA; and

h.  the willful failure to maintain the proper, accurate, and complete documentation and records including Plaintiffs' work travel time and full amount of hours worked on a daily and weekly basis as required by the FLSA.

32. As a result of Navmar's willful failure to record/report the full amount of time Plaintiffs worked and to compensate them for such time, Navmar failed to make, keep, and preserve accurate records with respect to Plaintiffs sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA.

33. Upon information and belief, Navmar's unlawful conduct detailed in this Complaint was pursuant to a corporate policy or practice of minimizing labor costs by violating the FLSA.

34. Plaintiffs suffered injury and were negatively affected in a similar fashion as a result of the above-described policies and practices of Navmar.

35. Upon information and belief, Navmar committed the above-described federal wage and hour law violations as a result of its own improper classification of Plaintiffs as "exempt," when they should have been classified as non-exempt under the FLSA.

36. Plaintiffs did not fit into any exemption under the FLSA and, therefore, any classification of them as exempt from overtime compensation was improper and violated the FLSA.

37. As Aerostat Operators, Plaintiffs' primary duty was to keep the Aerostat "100% FMC" ("Full Mission Capable"). In so doing, the majority of their work time involved extraordinarily long work hours and the performance of routine, manual tasks to keep the Aerostat airworthy. More specifically, they:

a. worked with/on the Aerostat outside in the field, including the launch, and recovery of the Aerostat;

b. performed general maintenance on the Aerostat and the generator, including the basic field repair of parts and installation of new parts/hardware;

c. performed mechanic-type functions on the Aerostat;

d. addressed issues with the Aerostat when they arose;

e. performed pre-flight procedures including checking the weather, helium calculations, tethering, and the platform;

f. operated the Aerostat and the payload;

g. kept track of inventory and identified parts which might have been needed for the Aerostat;

h. trained new hires and taught them how to troubleshoot;

i. communicated with the customer; and

j. reviewed and completed paperwork in connection with the Aerostat and its operations.

38. Plaintiffs' daily job duties and assignments were directed and managed by individuals who were not employees of Navmar.

39. Plaintiffs did not manage the enterprise.

40. Plaintiffs did not customarily or regularly supervise or direct the work of other full-time employees of Navmar, nor did they have any authority to hire or fire other employees.

41. Plaintiffs did not perform office or non-manual work directly related to the management or general business operations of Navmar.

42. Plaintiffs' primary job duty did not include the performance of work requiring advanced knowledge (defined as work which is predominantly intellectual in character and which included work requiring the consistent exercise of discretion and judgment). Knowledge possessed by Plaintiffs and utilized for their work was not in a field of science or learning, nor was it acquired by a prolonged course of specialized intellectual instruction.

43. Plaintiffs did not perform work typically associated with computer systems analysts, computer programmers, software engineers or other similarly skilled workers in the computer field. Further, Plaintiffs' primary job duty did not include the design, development, and/or creation of computer systems or programs. Only a minimal percentage of Plaintiffs' work time involved working on a computer.

44. Navmar intentionally and repeatedly misrepresented the true nature of compensation to Plaintiffs, thereby failing to disclose and consciously concealing their true non-exempt status under the FLSA and their entitlement to receive full wages and overtime compensation for their work. Upon information and belief, those actions were deliberately taken to avoid any questions by Plaintiffs regarding their entitlement to fair and full compensation for their work. Plaintiffs relied upon Navmar's misrepresentations. As a direct and proximate

result, Plaintiffs were unable to determine their true status under the FLSA by the exercise of reasonable diligence.

45. Navmar did not make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs.

46. As a direct and proximate result of Navmar's unlawful acts, Plaintiffs suffered damages by being deprived of wages and overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, interest, costs, attorneys' fees, and other compensation pursuant to the FLSA.

## COUNT ONE
## FAIR LABOR STANDARDS ACT

47. Plaintiffs repeat and reallege each and every allegation of the preceding paragraphs as though fully set forth herein.

48. At all times relevant hereto, Navmar was the "employer" of Plaintiffs within the meaning of § 203(d) of the FLSA.

49. At all times relevant hereto, Navmar was an employer/enterprise engaged in interstate commerce and/or the production of goods for commerce within the meaning of §§ 206(a) and 207(a) of the FLSA.

50. At all times relevant hereto, Navmar employed Plaintiffs within the meaning of the FLSA.

51. At all relevant times hereto, Navmar has had gross revenues in excess of $500,000.00.

52. Because Navmar willfully violated the FLSA by misclassifying Plaintiffs, a three-year (3) statute of limitations applies to such violations pursuant to § 255 of the FLSA.

53. Navmar violated the FLSA by misclassifying Plaintiffs as "exempt" employees, thereby failing and refusing to pay the proper hourly wage computation of Plaintiffs in accordance with § 206 and § 207 of the FLSA.

54. In typical workweeks, with the knowledge, permission, and mandate of their superiors and management at Navmar, Plaintiffs worked forty hours, work/worked extra hours during such forty-hour weeks, and were not properly compensated for extra hours beyond forty hours they worked during those forty-hour weeks.

55. Within the Look-Back Period, Plaintiffs typically worked more than forty hours each workweek, worked extra hours during such forty-hour week, and were not properly compensated for extra hours beyond forty hours they worked during those forty-hour weeks.

56. At all times relevant hereto, Navmar had and has a policy and practice of refusing to pay wages for all hours worked as well as overtime compensation to Plaintiffs for their hours worked in excess of forty hours per workweek.

57. As a direct and proximate result of Navmar's violations of the FLSA, Plaintiffs suffered damages as they did not receive compensation to which they were entitled pursuant to the FLSA.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray for the following relief:

(A) a determination that the practices, policies, and patterns complained of herein are unlawful under the FLSA;

(B) an injunction against Navmar from engaging in each of the unlawful practices, policies, and patterns complained of herein, including enjoining Navmar from classifying the Aerostat Operators as exempt under the FLSA;

(C) an award of damages, in an amount to be determined at trial, including unpaid back-end and front-end wages as well as liquidated damages pursuant to the FLSA and regulations of the U.S. Department of Labor promulgated pursuant to the FLSA;

(D) penalties available under applicable law;

(E) pre- and post-judgment interest, as provided by law;

(F) reasonable attorneys' fees and costs of suit, including expert fees; and

(G) such other legal and equitable relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all claims and issues triable as a matter of right by a jury.

Dated: April 13, 2017

Respectfully submitted,

/s/ Peter R. Rosenzweig
Peter R. Rosenzweig, Esq.
PA Bar No.: 81759
Kleinbard LLC
One Liberty Place, 46th Floor
1650 Market Street
Philadelphia, PA 19103
Tel: (267) 443-4120
Facsimile: (215) 568-0140
prosenzweig@kleinbard.com

*Attorneys for Plaintiffs*